J. W. GOFORTH, in behalf of himself, &c., v. THE RUTHERFORD RAILWAY CONSTRUCTION COMPANY et als.

*Elections—Innocent Purchasers—Municipal Subscriptions.*

1. The ruling in the preceding case of *McDowell* v. *The Construction Co.*, affirmed.

2. The validity or invalidity of an election may be tested by an action, although it is alleged that innocent persons have acquired rights under the election as declared by the proper authorities. Such alleged innocent parties, although parties to the action, are not precluded by a judgment declaring the election void, but their rights must be tested by actions prosecuted for that purpose.

3. Where the question of subscription to two different railway corporations is to be submitted to a vote, it is improper and irregular to submit them as a single proposition, at the same election and on the same ballot.

(*McDowell* v. *The Construction Co.*, ante; cited and approved).

MOTION to continue an injunction to the hearing, made in an action pending in CLEVELAND Superior Court, heard before *MacRae, Judge*, at Chambers, in Lexington, on June 4, 1886.

The purpose of this action is to contest the validity of, and have adjudged void, an election caused to be held in the county of Cleveland, by the commissioners thereof, on the 29th day of August, 1885, to take the sense of the "qualified voters" upon the question, whether or not that county should, as allowed by the statute, (Acts 1883, ch. 141, §2; *The Code*, §1996,) subscribe to the capital stock of the defendant The Rutherford Railway Construction Company, to the amount of $75,000, and also to the capital stock of the Western Air-Line Railroad Company, to the amount of $50,000.

The plaintiff, a tax payer suing for himself and all others interested in like manner with himself, alleges in his complaint, that the election referred to was ordered to be held but by two of the defendant commissioners; that notice of such election was not given for the time required by law; that the registration books for the registration of electors were not opened, certainly in several townships, next before the election, so that many persons eligible to be voters at it, did not have opportunity to register and become qualified voters, who would—many of them—have voted against "subscription" for such stock; that a majority of the qualified voters of such county did not vote in favor of "subscription," as the defendant commissioners, or a part of them, falsely pretended to ascertain and determine; that the result of the said election was not duly ascertained and declared as pre-

scribed and required by law; that the said propositions to subscribe to the capital stock of the two companies mentioned, were coupled together and submitted at the election as one proposition, the purpose being unduly to induce qualified voters in different sections of the county to vote for "subscription" thus submitted, who would not do so if a distinct proposition as to each company had been fairly submitted upon its own merits, as the law required; that the defendant The Rutherford Railway Construction Company, at the time of the election, had not located the line of its road; that the voters supposed it would locate it as its charter prescribed; that after the election, however, it located its road on a line different from that expected, and one not allowed by its charter, thus misleading and deceiving many voters; that in pursuance of such unlawful and invalid election, the defendant commissioners have subscribed for $75,000 of the capital stock of the company last mentioned, and they are urged to issue and deliver the coupon bonds of the county to pay for the same, and a majority of them would do so, but the chairman of the board refuses to sign them; that the defendants, each and all of them, at the time of the subscription for the stock mentioned, well knew of and had notice of the alleged irregularities and defects in the election complained of, &c., &c., &c.

The plaintiff demands judgment as follows:

"I. That said election, so held and described as aforesaid, be declared by the Court to be null and void and of no legal effect whatever, and that all acts and doings of said board of commissioners, purporting to be under or by virtue of said election, be held, deemed and declared to be of no legal effect.

II. That the Board of Commissioners of Cleveland county, and the chairman thereof, or his successor in office, be perpetually enjoined from signing or delivering bonds for $75,000, or any other sum, in pursuance of said election, to

H. D. Lee & Co., trustees for said county, or to the Ruther-ford Railway Construction Company or its agents, or to the Massachusetts and Southern Construction Company or its agents or employés, or to any other person or body corpo-rate.

III. That the subscription made as aforesaid to the Ruth-erford Railway Construction Company of $75,000 by the Board of Commissioners of Cleveland county, be declared by the Court to be illegal and void, and that the same be erased from the subscription list to the capital stock of said company.

IV. That said board of commissioners be restrained from assessing and levying a special or other tax upon the plain-tiff and other tax payers of said county for the payment of said capital stock, as subscribed to the said company.

V. For such other relief in the premises as to justice and equity may appertain."

Upon motion of the plaintiff, at Chambers, on the 17th day of May, 1886, a Judge, upon consideration of the verified complaint, granted a rule upon the defendants to show cause why an injunction pending the action and until the hearing upon the merits, restraining the defendants from taking further action under and in pursuance of the election so alleged to be void, should not be granted, and also granted a restraining order, &c.

Afterwards, at Chambers, on the 4th of June, 1886, the Judge denied the motion for an injunction, and gave judg-ment in that respect, whereof the following is a copy:

" This case having been heard on complaint and answer, and affidavits filed, and the cause having been argued by counsel for both parties, the Court finds:

1. That the Board of Commissioners of Cleveland county did declare the result of the election, and that it is conclu-sive, contracts having been made by them and rights having accrued under this declaration.

2. That whether the road was located according to the charter, is not a ground for relief in this action against the issue of the bonds.

3. That the fact that a vote was taken upon the subscription to another road at the same time, does not invalidate the result as to this defendant company, for its charter was complied with.

It is, therefore, adjudged that the restraining order has expired, and that no injunction shall issue as prayed for."

From this judgment, the plaintiff appealed to this Court.

*Messrs. W. P. Bynum* and *E. C. Smith,* for the plaintiff.

*Messrs. D. Schenck* and *Chas. Price* filed a brief, for the defendants.

MERRIMON, J., (after stating the facts).   In many material respects, this case is substantially like that of *McDowell* v. *The Construction Company,* decided at the present Term, and we refer to it as pertinent here.

The denial by the Court of a motion for an injunction, is founded mainly upon the erroneous view of the law as to the conclusive effect of the ascertained and declared result of the election in question by the county commissioners. The Court held erroneously, that this was conclusive.   We have expressly held the contrary in the similar case above cited, and we will not here add to what is there said.

Nor is it true, as a conclusion of law, that insomuch as the defendant commissioners have subscribed for shares of the capital stock of the defendant the Rutherford Railway Construction Company, and the latter has made engagements and contracts based upon that fact, the election cannot be contested, and its validity or invalidity determined, as is sought to be done by this action.   The purpose of this action is to determine the validity or invalidity of the election—not rights of the defendant already accrued.   They, other

than the defendant commissioners, are brought into it only in order that the plaintiff may have equitable relief by injunction as against them, to prevent future complications as to rights that might otherwise arise, if they should go further in pursuance of the election alleged to be void. If it turns out that the election is void, what effect that may have upon the defendants claiming rights that have arisen under an election seemingly regular, must be determined in an action or actions brought for the purpose of testing any question in that respect. Their rights, whatever they may be, cannot defeat or conclude this action. The plaintiff, and those having like rights with him in the action, may contest the validity of the election, without regard to what has been done by the defendants.

We may add, moreover, that it is alleged in the complaint, and the evidence tends sufficiently to prove it for the present purpose, that the defendants all had notice of the irregularities and defects in the election, and of the questionable authority of the defendant commissioners to act upon it, so that they cannot reasonably complain of possible results that may prove embarrassing to them.

We do not deem it necessary at this time, to decide what effect the taking of the vote upon the propositions to subscribe for stock of two distinct companies as a single proposition, may have upon the election, further than to say, that it was certainly irregular and improper to do so.

Manifestly, the plaintiff alleges a sufficient cause of action, and a careful examination of the evidence produced in support of and against the motion for an injunction, fully satisfies us that apparently—probably—he may succeed in establishing it. The Court ought therefore to have granted the injunction pending the action as prayed for by the plaintiff.

To the end that this may yet be done, let this opinion be certified to the Superior Court. It is so ordered.

Error.　　　　　　　　　　　　　　　　　　　Reversed.